IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEVONNE L. PETAWAY,**

        Petitioner,

  vs.                                Civil Action 2:10-CV-533
                                      Judge Marbley
                                      Magistrate Judge King

**WARDEN WARREN CORRECTIONAL INSTITUTION,**

        Respondent.

## OPINION AND ORDER

Respondent was granted to August 9, 2010, to respond to the *Petition*. *Order*, Doc. No. 7. The *Return of Writ* was actually filed on August 10, 2010. Doc. No. 8. This matter is now before the Court on petitioner's motion to strike the *Return of Writ* as untimely. Doc. No. 11.

Respondent acknowledges that the *Return of Writ* was untimely filed, Doc. No. 12, but asserts that the delay was a consequence of inadvertent mistake on the part of counsel. Respondent goes on to argue that the relief requested by petitioner, *i.e.*, striking the *Return of Writ*, would be unreasonable because the Court will require the exhibits attached to the *Return of Writ*, which includes the state court records, in order to resolve the issues raised in the *Petition*. In reply, Doc. No. 13, petitioner argues that to overlook respondent's delay would be unfair, especially in light of the fact that a state court has previously held that petitioner's own technical default barred consideration of a

filing made by him.

The United States Court of Appeals has held that a state prisoner is not entitled to judgment by default merely because the respondent in a habeas corpus action under 28 U.S.C. §2254 failed to make a timely return.  *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).  The burden of establishing a right to habeas corpus relief remains with the petitioner even under such circumstances.  *Id*. The *Petition*, which consists of thirteen pages unsupported by any documentary evidence, is simply inadequate to permit this Court to evaluate the merits of petitioner's claims. Under these circumstances, it would be an injustice to both the community and petitioner himself to strike the *Return of Writ* and its attached exhibits.

Accordingly, petitioner's motion to strike the *Return of Writ*, Doc. No. 11, is **DENIED**.

Petitioner may have until October 15, 2010, to file a traverse to the *Return of Writ*.

September 17, 2010                         *s/Norah McCann King*
                                           Norah M$^c$Cann King
                                           United States Magistrate Judge