**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DEVONNE PETAWAY,**

      **Petitioner,**              **CASE NO. 2:10-CV-533
                                          JUDGE MARBLEY
    v.                                  MAGISTRATE JUDGE KING**

**WANZA JACKSON, WARDEN,
WARREN CORRECTIONAL INSTITUTION,**

      **Respondent.**

**ORDER**

Petitioner in this habeas corpus action under 28 U.S.C. §2254 alleges that his speedy trial rights were denied him because he was not tried within 90 days as required by Ohio law and that his trial and appellate counsel were ineffective for failing to pursue this issue at trial and on appeal. On November 16, 2011 this Court dismissed the action, reasoning that the claims either had been waived or were without merit. *Order*, Doc. No. 25; *Judgment*, Doc. No. 26. This matter is now before the Court on petitioner's notice of appeal, which the Court receives as including a request for a certificate of appealability. *Notice of Appeal*, Doc. No. 27.

When a claim has been denied on the merits, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). *Slack v. McDaniel,* 529 U.S.473, 483 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further.'" *Barefoot,* 463 U.S., at 893, and n.4 . . . .

529 U.S. at 484.

> When the Court dismisses a claim on procedural grounds, a certificate of appealability
>
> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  The court may first "resolve the issue whose answer is more apparent from the record and arguments."  *Id.*

For the reasons set out in the September 22, 2011 *Report and Recommendation*, Doc. No. 20, and the Court's November 16, 2011 *Order*, Doc. No. 25, the Court concludes that petitioner has failed to make a substantial showing that he has been denied a constitutional right.

Accordingly, petitioner's request for a certificate of appealability is **DENIED.**


    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Judge**